# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELANCO ANIMAL HEALTH INC; and ELANCO ANIMAL HEALTH GMBH;<br><br>**Plaintiffs,**<br><br>vs.<br><br>SERGEANT'S PET CARE PRODUCTS LLC; and PET IQ, LLC;<br><br>**Defendants.** | **8:25CV514**<br><br>**ORDER TO SHOW CAUSE** |

This matter is before the Court *sua sponte* after review of the docket.

Plaintiffs filed a Complaint for Patent Infringement against Defendant, Sergeant's Pet Care Products LLC ("Sergeant's Pet Care"), on August 22, 2025. (Filing No. 1). On August 25, 2025, Plaintiffs filed Proof of Service purporting to show Sergeant's Pet Care was served by personal service upon its Senior Vice President on the same date. (Filing No. 11). On September 8, 2025, prior to Sergeant Pet Care's responsive pleading deadline or appearance in this case, Plaintiffs filed an Amended Complaint against Sergeant's Pet Care pursuant to Rule 15(a)(1). (Filing No. 12). Plaintiffs' Certificate of Service to the Amended Complaint states, "I hereby certify that on the 8th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record." (Filing No. 12 at p. 26). On September 12, 2025, Plaintiffs filed a Second Amended Complaint against Sergeant's Pet Care and added a new defendant, Pet IQ, LLC. (Filing No. 13). Plaintiffs' Certificate of Service to the Second Amended Complaint states, "I hereby certify that on the 12th day of September, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record." (Filing No. 13 at p. 26).

The Court sees two issues with the pleadings thus far. First, Rule 15(a)(1) provides that a party "may amend its pleading *once* as a matter of course[.]" Fed. R. Civ. P. 15(a)(1) (emphasis added). After amending once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (quoting *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985)). Plaintiffs already amended their

pleadings once as a matter of course when they filed their first Amended Complaint. (Filing No. 12). Therefore, Plaintiffs needed the Court's leave or written consent of opposing parties to file the Second Amended Complaint. See Fed. R. Civ. P. 15(a)(2). Accordingly, the Court will require Plaintiffs to show cause why their Second Amended Complaint (Filing No. 13) should not be stricken.

The second issue with Plaintiffs' amended complaints is that there is no indication Plaintiffs served them upon Sergeant's Pet Care. See Fed. R. Civ. P. 5(a)(1) (providing that "a pleading filed after the original complaint" "must be served on every party"). Plaintiffs' certificates of service for both amended complaints only indicate that electronic notice was sent to counsel of record upon the filing of the amened complaints; however, counsel for defendants have not yet filed responsive pleadings or otherwise entered an appearance. As such, electronic notice was not provided to defense counsel, and the Court has no other indication Plaintiffs provided notice to the Sergeant's Pet Care in a different manner. Accordingly,

**IT IS ORDERED** that Plaintiffs shall have until **September 29, 2025,** to show cause why the Second Amended Complaint (Filing No. 13) should not be stricken, and to provide an amended certificate of service showing when and how Sergeant's Pet Care was provided notice of the amended complaints.

Dated this 16th day of September, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge